UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TIMOTHY D PHELPS, *et al*, | § | |
| | § | |
|     Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-361 |
| | § | |
| US BANK NATIONAL ASSOCIATION, | § | |
| AS TRUSTEE FOR SECURITIZED | § | |
| ASSET BACKED RECEIVABLES LLC | § | |
| TRUST 2006-NC2, MORTGAGE PASS- | § | |
| THROUGH CERTIFICATES, SERIES | § | |
| 2006-NC2, *et al*, | § | |
| | § | |
|     Defendants. | § | |

## ORDER GRANTING MOTIONS TO DISMISS

This case arises from the foreclosure of a lien securing payment of a home equity loan, after the original loan had been modified to capitalize amounts in default and after the mortgagee filed for relief under Chapter 11 of the Bankruptcy Code. Before the Court are the Motions to Dismiss (D.E. 6 and 12) filed by the two Defendants: Wells Fargo Bank, N.A. d/b/a America's Servicing Company (Wells Fargo) and US Bank National Association, as trustee for Securitized Asset Backed Receivables LLC Trust 2006-NC2, Mortgage Pass-Through Certificates, Series 2006-NC2 (Trustee). For the reasons set out below, the motions are GRANTED.

### STANDARD OF REVIEW

Defendants seek dismissal of this case under Fed. R. Civ. P. 12(b)(6), arguing that the complaint (D.E. 1-2) fails to state a claim upon which relief can be granted. The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against

the interests of all parties and the court in minimizing expenditure of time, money, and resources. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The *Twombly* court expressly "retired" the old test stated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that a complaint would not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 577 (quoting *Conley, supra*). The revised standard for determining whether a complaint states a cognizable claim has been outlined by the United States Supreme Court in *Twombly, supra* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "Pleadings must be construed so as to do justice." Rule 8(e). The requirement that the pleader "show" that he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Those factual allegations must then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations that take the claim from "conclusory" to "factual" and beyond "possible" to "plausible." *Id*., 550 U.S. at 557. The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.

The Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In dismissing the claim in *Iqbal*, the Court stated, "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." 556 U.S. at 681.

A motion to dismiss for failure to state a claim upon which relief can be granted can be based not only on a plaintiff's claims but on matters that support an affirmative defense, such as limitations. Even if some allegations support a claim, if other allegations negate the claim on its face, then the pleading does not survive the 12(b)(6) review.

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Jones v. Bock*, 549 U.S. 199, 215 (2007).

## DISCUSSION

On October 24, 2013, Timothy D. Phelps and Julie A. Phelps (Borrowers) filed their original petition in the 28th Judicial District Court of Nueces County, Texas,

initiating this action. D.E. 1-1. On October 30, 2013, they filed their "First Amended Original Petition and Request for Injunctive Relief" (D.E. 1-2), which alleges the following claims:

> (1) Plea in Bar—The modification agreement (D.E. 1-2, p. 18) executed on November 11, 2008, voided the homestead lien against the Borrowers' property permanently and with no possibility of cure, thus depriving any party of the right to foreclose the lien;
>
> (2) Wrongful Foreclosure—the September 19, 2007 Assignment of Note and Deed of Trust (D.E. 1-2, pp. 12-14) by which the lien on the Borrowers' property held by New Century Mortgage Corporation (New Century) was transferred to Trustee was void in violation of 11 U.S.C. § 362, resulting in the Trustee's subsequent foreclosure being without authority and thus wrongful;
>
> (3) Fraudulent Inducement and Breach of Contract—on or before March 25, 2008, Defendants wrongfully refused the Borrowers' tender of funds to reinstate their loan (D.E. 1-2, p. 17) either in breach of contract or to fraudulently induce execution of the modification agreement whereby the mortgagee earned additional interest and caused the Borrowers to suffer credit impairment and the loss of their homestead.

The case was removed to this Court on November 13, 2013, pursuant to diversity jurisdiction. 28 U.S.C. § 1332. By their respective motions to dismiss, Defendants challenge each of the Borrowers' causes of action.

**A. Plea in Bar**

Defendants assert that the Borrowers' first complaint—that the loan modification failed to comply with the Texas Constitution regarding home equity loans—is barred by the 4-year statute of limitations. The Borrowers' only response, after conceding that the

discovery rule does not apply, is that there is a question of fact as to when the cause of action accrued, thereby starting the running of the 4-year time period. D.E. 17, p. 5.

The Fifth Circuit has rejected the argument that a home equity loan that is allegedly out-of-compliance with the Texas Constitution is void, and thus beyond the reach of the statute of limitations. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 674 n.4 (5th Cir. 2013). In the absence of a definitive statement of Texas law to the contrary from the Supreme Court of Texas or the Texas legislature, this Court is bound by the *Priester* decision. More specifically, the Fifth Circuit held that a 4-year statute applies and begins to run when the loan agreement is executed. *Id*. at 675-76. This is consistent with Texas law determining that a cause of action accrues when facts exist that authorize a claimant to seek a judicial remedy. *E.g., Exxon Corp. v. Emerald Oil & Gas Co*., 348 S.W.3d 194, 202 (Tex. 2011); *Rivera v. Countrywide Home Loans, Inc*., 262 S.W.3d 834, 840 (Tex. App.–Dallas 2008, no pet.).

While the Borrowers claim that there is a question of fact regarding this accrual date, there is no indication of what that fact question or resulting accrual date would be. D.E. 17. Reading their pleadings in the light most favorable to the Borrowers, their injuries extended, at the latest, to the date that the loan modification agreement was executed with its constitutional flaws: November 11, 2008. D.E. 1-2, p. 19. This means that the 4-year statute expired on November 11, 2012, nearly a year prior to the date that this action was filed.

Any complaint regarding the modification of the loan having the effect of voiding the lien on homestead pursuant to the requirements on home equity loans is barred by

limitations. The Court GRANTS the motions to dismiss to the extent that they challenge the first-stated cause of action, denominated "plea in bar," on the basis of limitations. Because of that ruling, the Court does not reach the Defendants' challenge on the merits: whether the loan modification did, in fact, violate the Texas Constitution and, thereby, void the existing lien.

### B. Wrongful Foreclosure

Defendants challenge the premise of the wrongful foreclosure claim: that the assignment of the note and deed of trust from New Century to Defendant Trustee was void according to the United States Bankruptcy Code. Defendants argue that New Century, as a Chapter 11 Debtor-in-Possession, was empowered to operate its ordinary business, including transferring notes and liens, and was not constrained by the automatic stay of 11 U.S.C. § 362. Borrowers insist that the effect of the automatic stay is to void the attempted transfer, thus eliminating the Trustee's power to foreclose the lien.

Pursuant to 11 U.S.C. §§ 1107 and 1108, a debtor-in-possession has the power of a bankruptcy trustee to operate the debtor's business prior to approval of a plan of reorganization. An assignment that is made in the ordinary course of business does not require the pre-approval of the Bankruptcy Court or the lifting of the automatic stay. 11 U.S.C. § 363(c)(1). *See e.g., Ross v. Deutsche Bank National Trust Co.*, 933 F.Supp.2d 225, 231 (D. Mass. 2013) (mortgage lenders acting as debtors-in-possession under Chapter 11 have the presumptive right to execute assignments in the ordinary course of business until a plan of reorganization is confirmed). Furthermore, to raise a complaint that the debtor-in-possession acted without proper authority in the context of a

bankruptcy proceeding, the complaining party should seek relief from the Bankruptcy Court or District Court with jurisdiction over the debtor rather than make a collateral attack here. *See generally*, 11 U.S.C. § 157.

Nothing in the Bankruptcy Code prohibited New Century from transferring the Borrowers' note and deed of trust to the Trustee. Thus there is no merit in the Borrowers' challenge to the Trustee's authority to foreclose as stated in their wrongful foreclosure claim. Consequently, the Court GRANTS the motions to dismiss with respect to Borrowers' second claim.

### C. Fraudulent Inducement/Breach of Contract

Defendants challenge both the fraud and the breach of contract claims contained in Borrowers' third claim (regarding wrongful refusal of their attempted cure of default) on the basis of the four-year statutes of limitations. Borrowers did not respond to this challenge. D.E. 17. There is no question that both fraudulent inducement and breach of contract are governed by four-year statutes. Tex. Civ. Prac. & Rem. Code §§ 16.004 (fraud), 16.051(residual statute applicable to breach of contract actions).

With respect to fraud, the claim accrues when the false representation is made or when the fraud is discovered or should have been discovered through the exercise of reasonable diligence. *Little v. Smith*, 943 S.W.2d 414, 420 (Tex. 1997); *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). Whether the alleged fraud was the refusal of the tender of cure on or before March 25, 2008, or the inducement to execute the loan modification agreement on November 11, 2008, the basis for the claim was apparent more than four years prior to the Borrowers' filing of their lawsuit.

With respect to breach of contract, the cause of action accrues at the time of the breach.  *Via Net v. TIG Ins*., 211 S.W.3d 310, 314 (Tex. 2006).  Once again, it is clear from the pleading that this claim, based upon the refusal of Borrowers' tender of monies to cure their default and the requirement that Borrowers enter into a loan modification, accrued no later than November 11, 2008, the date the loan modification agreement was executed.  Therefore, the contract claim is barred by limitations.

The Court GRANTS the motions to dismiss with respect to the third claim, encompassing causes of action for both fraudulent inducement and breach of contract.

## CONCLUSION

For the reasons set out above, the Court GRANTS the motions to dismiss (D.E. 6 and 12) with respect to each cause of action alleged in the Borrowers' pleading because Borrowers have failed to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  The Court DISMISSES this action with prejudice.

ORDERED this 13th day of March, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE